JOHN W. HUBER, United States Attorney (#7226)
CRISTINA P. ORTEGA, Assistant United States Attorney (#9567)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: cristina.ortega@usdoj.gov



FILED
DISTRICT COURT
2020 MAR 11 P 2: 02
DISTRICT OF UTAH
SEALED
CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MARIAH KEISHA BUTLER, Defendant. Case: 1:20-cr-00023 Assigned To : Nielson, Howard C., Jr Assign. Date : 3/11/2020 Description: | INDICTMENT VIOLATIONS: Count I: 18 U.S.C. § 2251(d)(1)(A), (2)(B) and (e), Advertising Visual Depictions of Minors Engaging in Sexually Explicit Conduct; Count II: 18 U.S.C. § 2252A(a)(2)(A),(B), and (b)(1), Distribution of Child Pornography; Count III: 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography. |

The Grand Jury charges:

## COUNT I
18 U.S.C. § 2251(d)(1)(A) and (2)(B)
(Advertising Visual Depictions of Minors Engaging in Sexually Explicit Conduct)

Beginning on a date unknown and continuing through February 26, 2020 in the Northern Division of the District of Utah, and elsewhere,

MARIAH KEISHA BUTLER,

defendant herein, knowingly made, printed, published, and caused to be made, printed, and published, a notice and advertisement; and the notice and advertisement sought and offered to receive, exchange, buy, produce, display, distribute, and reproduce any visual depiction, the production of which involved a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2251(d)(1)(A), (2)(B) and 2251(e).

### COUNT II
18 U.S.C. § 2252A(a)(2)(A),(B) and (b)(1)
(Distribution of Child Pornography)

Beginning on a date unknown and continuing through February 26, 2020 in the Northern Division of the District of Utah, and elsewhere,

MARIAH KEISHA BUTLER,

defendant herein, did knowingly distribute any child pornography, and material that contained child pornography, as defined in 18 U.S.C. § 2256(8) that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(2)(A), (B), and (b)(1).

//
//
//

## COUNT III
18 U.S.C. § 2252A(a)(5)(B) and (b)(2)
(Possession of Child Pornography)

Beginning on a date unknown and continuing through February 26, 2020, in the Northern Division of the District of Utah, and elsewhere,

MARIAH KEISHA BUTLER,

defendant herein, knowingly possess any material which contains an image of child pornography as defined in 18 U.S.C. § 2256(8) that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and which images were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, including computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

**NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE**

Pursuant to 18 U.S.C. § 2253, upon conviction of any offense violating 18 U.S.C. § [2251, 2251A, or 2252, 2252A, 2252B, or 2260], the defendant(s) shall forfeit to the United States of America: (i) any visual depiction described in 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. The property to be forfeited includes, but is not limited to:

3

- iPhone 10 cellphone, #F2LXNEHYKXKP; IMEI: 357336096078206;
- Blue iPhone cellphone; and
- Substitute property as allowed by 21 U.S.C. § 853(p) and 18 U.S.C. § 2253(b).

A TRUE BILL:

_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
CRISTINA P. ORTEGA
Assistant United States Attorney