IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIAH KEISHA BUTLER,<br><br>    Defendant. | CASE NO: 1:20-CR-00023 HCN<br><br>ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT AND SETTING A NEW TRIAL DATE<br><br>Judge Howard C. Nielson, Jr. |

Having considered the Stipulated Motion to Exclude Time under the Speedy Trial Act and to Set a New Trial Date, as well as the District of Utah's General Orders 20-008, 20-009, 20-012, 20-017, and 20-021, regarding the Coronavirus Pandemic, the Court hereby finds as follows:

The Defendant first appeared before a judicial officer on June 19, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 28, 2020. Trial was previously scheduled to begin on August 25, 2020.

On March 16, 2020, the court entered a General Order suspending jury selection and jury trials scheduled to begin before May 1, 2020. D. Ut. General Order No. 20-009, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic. On March 13, the court entered another General Order imposing health- and travel-related limitations on access to court facilities. D. Ut. General Order No. 20-008, In the Matter of Restrictions on Courthouse Entry during the Coronavirus (COVID-19) Pandemic. These orders were "[c]onsistent with the Center for Disease Control and Prevention (CDC) Interim Guidance

for Businesses and Employers and the Utah Department of Health recommended strategies[.]" D. Ut. General Order No. 20-008 at 1.  The court further explained that "President Trump on March 13, 2020 declared a National Emergency in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic."  D. Ut. General Order No. 20-009 at 1.  Additionally, "Governor Herbert has declared a state of emergency in Utah, prompting the Utah Supreme Court to implement the Utah State Courts Pandemic Response Plan at level 'Red.'"  *Id.*  On April 28, 2020, the court entered a further General Order excluding the period from May 1, 2020, through June 15, 2020, from calculations under the Speedy Trial Act.  D. Ut. General Order No. 20-012, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  On June 15, 2020, the court entered a further General Order excluding the period from June 15, 2020, through August 1, 2020, from calculations under the Speedy Trial Act.  D. Ut. General Order No. 20-017, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  On July 30, 2020, the court entered a further General Order excluding the period from August 1, 2020, through September 1, 2020, from calculations under the Speedy Trial Act.  D. Ut. General Order No. 20-021, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.

      Given the grave public-health concerns reflected in this court's recent general orders, and given the facts set forth in the Stipulated Motion to Exclude Time Under the Speedy Trial Act and to Set a New Trial Date (which the Court incorporates here), the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

      Failure to grant a continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

Failure to continue this case is also likely to put counsel, parties, witnesses, jurors, and court personnel at unnecessary risk.

Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The continuance is not based on congestion of the court's calendar, lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from August 25, 2020 to Tuesday, December 8, 2020 at 10:00 a.m.

2. The time period of June 19, 2020 to December 8, 2020, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

DATED this 27th day of August, 2020.

BY THE COURT:

_____
DUSTIN B. PEAD
Chief United States Magistrate Judge

3