# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIAH KEISHA BUTLER,<br><br>Defendant. | **ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT AND SETTING A NEW TRIAL DATE**<br><br>Case No. 1:20-cr-00023-HCN-DBP<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Having considered Ms. Butler's stipulated motion to set a trial date and exclude time under the Speedy Trial Act, the court hereby finds as follows:

On March 11, 2020, the grand jury returned an indictment charging Ms. Butler with one count of advertising visual depictions of minors engaging in sexually explicit conduct, one count of distribution of child pornography, and one count of possession of child pornography. *See* Dkt. No. 1, 2. Ms. Butler made an initial appearance before a judicial officer on June 19, 2020, triggering the Speedy Trial Act. *See* Dkt. No. 16. At that time, the court scheduled a four-day jury trial for August 25, 2020. *See id.*

No time has elapsed under the Speedy Trial Act between Ms. Butler's initial appearance and the filing of Ms. Butler's stipulated motion. Beginning on March 16, 2020, the court entered a series of General Orders that continued criminal trials without date and excluded time due to the COVID-19 pandemic until August 31, 2022. *See* General Order 20-009, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, 21-015, 22-004, 22-006, 22-010. On August 27, 2020, the court also granted the Government's stipulated motion to continue trial and exclude time until December 8, 2020. *See* Dkt. No. 30, 31. Following the Government's oral motion for a competency evaluation on September 27, 2021, trial was subsequently continued without date

1

and time excluded while the competency determination was pending. *See* 18 U.S.C. §§ 3161(h)(1)(a); Dkt. No. 45, 47, 71, 74, 76. On April 27, 2023, Chief Magistrate Judge Pead determined that Ms. Butler was competent to proceed to trial in this matter. *See* Dkt. No. 76.

The following day, April 28, 2023, defense counsel filed a motion requesting that a trial date be set at least 120-days from the date of the motion pursuant to 18 U.S.C. § 3161(h)(7). *See* Dkt. No. 77. Ms. Butler is detained pretrial, *see* Dkt. No. 28, and agrees with the proposed continuance, *see* Dkt. No. 77 at 2. There are no co-defendants in this case. Government counsel does not object to the proposed continuance. *See id.*

Defense counsel and Ms. Butler met for the first time in person on April 27, 2023. *See id.* Counsel has already done an initial interview concerning Ms. Butler's social history but additional time is necessary to collect records, conduct interviews, and have other defense team members interview Ms. Butler. *See id.* Additional time is also needed for defense counsel to review the evidence in the case and potentially engage in plea negotiations with the Government. *See id.* Based on this review of the evidence, defense counsel may also need time to file pretrial motions. *See id.* If plea negotiations are not successful, defense counsel will need additional time to prepare for trial. *See id.*

Based on the foregoing findings, the court finds that failure to grant a continuance would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). The court further finds that failure to grant a continuance would deny counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv). The court finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial. The court accordingly finds that there are facts that support a continuance of the trial date in this

matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is set for September 12, 2023.

2. The time period of April 28, 2023, to September 12, 2023, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this 16th day of May, 2023.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge