SCOTT KEITH WILSON, Federal Public Defender (#7347)
ROBERT L. STEELE, Assistant Federal Defender (#5546)
FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Robert_Steele@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARIAH KEISHA BUTLER, <br><br> Defendant. | **STIPULATED MOTION TO CONTINUE JURY TRIAL** <br><br><br> Case No. 1:20 CR 23 HCN |

Defendant, Mariah Keisha Butler, through undersigned counsel, respectfully moves to continue the jury trial for 120 days and exclude time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7), from the date of this motion to the next trial setting. This motion is made pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) which allows this court to grant a motion to continue if it finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. Defendant bases this Motion on the following grounds:

Ms. Butler was arraigned on June 19, 2020, and trial was scheduled trial for August 25, 2020, which was within the time allowed under the Speedy Trial Act.

Time has been excluded under the Speedy Trial Act from the date of the oral motion for a competency evaluation made in court on September 27, 2021, until the finding of competence

was made in court on April 27, 2023[1]. *See* 18 U.S.C. §§ 3161(h)(1)(a). From the date of Ms. Butler's initial appearance on June 19, 2020, until the making of the oral motion for a competency evaluation, the Court was under a series of General Orders continuing all trials and excluding time under the Speedy Trial Act.[2]

On April 28, 2023, Defendant filed a motion requesting a trial date[3], and the Court set the current trial date of September 12, 2023.[4]

This is Ms. Butler's first request for a continuance of the trial in this matter, and it is made in good faith and not merely for the purpose of delay.

Defendant seeks a continuance under 18 U.S.C. §3161(h)(7)(A), which allows this court to grant a motion to continue if it finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

The facts that support this allegation include the following:

1. Counsel and the social worker have met with Ms. Butler and interviewed her concerning her social history. Counsel has also interviewed her mother for the same information. An investigator has been collecting social history records. Counsel and the investigator have visited some of the places that might have records, in hopes of getting more information. Additional time is needed to collect more records and conduct more interviews.

2. Counsel has made attempts to contact counsel on the state matter, and has consulted with the Government to see if the Government can facilitate cooperation between the state and federal cases. Counsel will continue to

---

[1] Doc. No. 76.
[2] See General Orders 20-008 through 22-010.
[3] Doc. No. 77.
[4] Doc. No. 78.

      attempt to make progress in this arena in an effort to find a global settlement of the two cases that Ms. Butler faces.

3. The defense team social worker is attempting to get a trauma specialist to provide therapy for Ms. Butler to keep her moving forward in a healthy manner.

4. Once the investigation is complete, counsel may seek a trauma informed evaluation of Ms. Butler to supplement the evaluations that have been done to this point.

5. Defense counsel also needs additional time to consult with the Government about the possibility of settlement, and to meet again with Defendant in order to confer concerning her wishes for disposition of the case.

A failure to continue trial under these circumstances would result in a miscarriage of justice[5] and would deny counsel for the Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[6] Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.[7]

      Assistant United States Attorney Carol Dain has been consulted and she stipulates to the requested continuance.

      Ms. Butler is detained. She has been counseled as to her rights under the STA and waives her right to a speedy trial. She agrees that the defense will not be hindered or prejudiced by the delay.

      There are no co-defendants.

---

[5] 18 U.S.C. § 3161(h)(7)(B)(i).
[6] *Id*. § 3161(h)(7)(B)(iv).
[7] *Id*. § 3161(h)(7)(A).

For the reasons set forth herein, Defendant respectfully requests a continuance of the trial set for September 12, 2023, and requests that the time between the filing of this motion and the new trial date be excluded from speedy trial computation pursuant to 18 U.S.C. §§ 3161 (h)(2) and 3161(h)(7)(A).

DATED this 15th day of August, 2023.

/ s / *Robert L. Steele*
ROBERT L. STEELE
Assistant Federal Defender