UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIAH KEISHA BUTLER,<br><br>Defendant. | ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 1:20-cr-00023-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Having considered Defendant's stipulated motion to continue jury trial, the court hereby finds as follows:

Defendant was arraigned on June 19, 2020, and trial was scheduled for August 25, 2020, which was within the 70 days allowed under the Speedy Trial Act. *See* Dkt. No. 16. From the date of Defendant's initial appearance on June 19, 2020, until Defendant's oral motion for a competency evaluation, the court was under a series of general orders continuing all trials and excluding time under the Speedy Trial Act. *See e.g.* Dkt. No. 65. Time has since been excluded under the Speedy Trial Act from the date of the oral motion for a competency evaluation on September 27, 2021, until the finding of competence was made in court on April 27, 2023. *See* Dkt. No. 78. On April 28, 2023, Defendant filed a motion requesting a trial date, and the court set the current trial date of September 12, 2023. *See* Dkt. Nos. 77, 79. This is Defendant's first motion for a continuance of the trial in this matter. Defendant is in custody. She waives her right to a speedy trial and agrees that her defense will not be hindered or prejudiced by the proposed continuance. Counsel for the Government stipulates to the proposed continuance. There are no co-defendants.

1

Defense counsel represents that additional time is needed to collect records relevant to the case and conduct additional interviews. Defense counsel has contacted counsel on the state matter pending against Defendant and has consulted with the Government in an attempt to facilitate cooperation between counsel on the state and federal cases. Defense counsel will continue in these efforts to reach a global settlement of the cases facing Defendant. The defense team social worker is also attempting to get a trauma specialist to provide therapy for Defendant to keep her moving forward in a healthy manner. Once the investigation is complete, defense counsel may seek a trauma-informed evaluation to supplement the evaluations performed thus far. Defense Counsel needs additional time to consult with the Government about the possibility of a settlement and to confer with Defendant about her wishes for the disposition of the case. If the Defense is unable to reach a settlement agreement with the Government, it will need additional time to prepare for trial.

For the reasons described above, court finds that failure to grant a continuance would result in a miscarriage of justice and deny counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). The court finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued to January 9, 2024.

2.      The time period from August 15, 2023, to January 9, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this 24th day of August, 2023.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge