SCOTT KEITH WILSON, Federal Public Defender (#7347)
ROBERT L. STEELE, Assistant Federal Defender (#5546)
FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah   84101
Telephone: (801) 524-4010
Robert_Steele@fd.org

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIAH KEISHA BUTLER,<br><br>Defendant. | **STIPULATED MOTION TO CONTINUE JURY TRIAL**<br><br>Case No. 1:20 CR 23 HCN |

Defendant, Mariah Keisha Butler, through undersigned counsel, respectfully moves to continue the jury trial for 90 days and exclude time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7), from the date of this motion to the next trial setting.  This motion is made pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) which allows this court to grant a motion to continue if it finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.  Defendant bases this Motion on the following grounds:

Ms. Butler was arraigned on June 19, 2020, and trial was scheduled trial for August 25, 2020, which was within the time allowed under the Speedy Trial Act.

Time has been excluded under the Speedy Trial Act from the date of the oral motion for a competency evaluation made in court on September 27, 2021, until the finding of competence

was made in court on April 27, 2023[1]. *See* 18 U.S.C. §§ 3161(h)(1)(a).  From the date of Ms. Butler's initial appearance on June 19, 2020, until the making of the oral motion for a competency evaluation, the Court was under a series of General Orders continuing all trials and excluding time under the Speedy Trial Act.[2]

On April 28, 2023, Defendant filed a motion requesting a trial date[3], and the Court continued the trial to September 12, 2023.[4]  On August 15, 2023, Defendant filed a motion to continue the trial date,[5] and the Court set the current trial date of January 9, 2024.[6]

This is Ms. Butler's second request for a continuance of the trial in this matter, and it is made in good faith and not merely for the purpose of delay.

Defendant seeks a continuance under 18 U.S.C. §3161(h)(7)(A), which allows this court to grant a motion to continue if it finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

The facts that support this allegation include the following:

1. Counsel has continued to make attempts to contact counsel on the state case and has consulted with the Government to see if the Government can facilitate cooperation between the state and federal cases.  The Government has finally been able to contact the new state prosecutor recently, and they have started to talk about a possible global resolution.  There has still been no response from Ms. Butler's state appointed counsel.  Counsel will continue to attempt to make progress in this arena to find a global settlement of the two cases that Ms. Butler faces.

---

[1] Doc. No. 76.
[2] See General Orders 20-008 through 22-010.
[3] Doc. No. 77.
[4] Doc. No. 78.
[5] Doc. No. 80.
[6] Doc. No. 81.

2. Defendant is now working with a therapist and is getting healthy enough to talk about resolution of the case.

3. Counsel may still seek a trauma informed evaluation of Ms. Butler to supplement the evaluations that have been done to this point.

4. Defense counsel also needs additional time to consult with the Government about the possibility of settlement, and to meet again with Defendant to confer concerning her wishes for disposition of the case.

A failure to continue trial under these circumstances would result in a miscarriage of justice[7] and would deny counsel for the Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[8] Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.[9]

Assistant United States Attorney Carol Dain has been consulted and she stipulates to the requested continuance.

Ms. Butler is detained. She has been counseled as to her rights under the STA and waives her right to a speedy trial. She agrees that the defense will not be hindered or prejudiced by the delay.

There are no co-defendants.

For the reasons set forth herein, Defendant respectfully requests a continuance of the trial set for January 9, 2024, and requests that the time between the filing of this motion and the new trial date be excluded from speedy trial computation pursuant to 18 U.S.C. §§ 3161 (h)(2) and 3161(h)(7)(A).

---

[7] 18 U.S.C. § 3161(h)(7)(B)(i).
[8] *Id.* § 3161(h)(7)(B)(iv).
[9] *Id.* § 3161(h)(7)(A).

3

DATED this 14th day of December, 2023.

                                                  / s / *Robert L. Steele*
                                                  ROBERT L. STEELE
                                                  Assistant Federal Defender