IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIAH KEISHA BUTLER,<br><br>Defendant. | **ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 1:20-cr-00023-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Having considered Defendant's stipulated motion to continue jury trial, the court hereby finds as follows:

Defendant was arraigned on June 19, 2020, and trial was scheduled trial for August 25, 2020, which was within the time allowed under the Speedy Trial Act. *See* Dkt. No. 16. From the date of Defendant's initial appearance on June 19, 2020, until Defendant's oral motion for a competency evaluation, the court was under a series of general orders continuing all trials and excluding time under the Speedy Trial Act. *See e.g.* Dkt. No. 65. Time has since been excluded under the Speedy Trial Act from the date of the oral motion for a competency evaluation on September 27, 2021, until the finding of competence was made in court on April 27, 2023. *See* Dkt. No. 78. On April 28, 2023, Defendant filed a motion requesting a trial date, and the Court set the trial date of September 12, 2023. *See* Dkt. Nos. 77, 79. On August 15, 2023, Defendant filed a motion to continue the trial, and the Court set the current trial date of January 9, 2024. *See* Dkt. Nos. 80, 81. This is Defendant's second motion for a continuance of the trial in this matter. Defendant is in custody. She waives her right to a speedy trial and agrees that her defense will

not be hindered or prejudiced by the proposed continuance.  Counsel for the government stipulates to the proposed continuance.  There are no co-defendants.

Defense counsel has continued to make attempts to contact counsel on the state case and has consulted with the Government to see if the Government can facilitate cooperation between the state and federal cases.  The Government has finally been able to contact the new state prosecutor recently, and they have started to talk about a possible global resolution.  There has still been no response from Ms. Butler's state appointed counsel. Counsel will continue to attempt to make progress in this arena, attempting to find a global settlement of the two cases that Ms. Butler faces.  Defendant is now working with a therapist and is getting healthy enough to talk about resolution of the case. Counsel may still seek a trauma informed evaluation of Ms. Butler to supplement the evaluations that have been done to this point.  Defense counsel also needs additional time to consult with the Government about the possibility of settlement, and to meet again with Defendant to confer concerning her wishes for disposition of the case.

For the reasons described above, court finds that failure to grant a continuance would result in a miscarriage of justice and deny counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). The court finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1.	The trial in this matter is continued to _____, 2024.

2.	The time period from December 14, 2023, to _____, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this ___ day of December, 2023.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Court Judge

3