## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIAH KEISHA BUTLER,<br><br>Defendant. | **ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 1:20-cr-23-HCN-DBP<br><br>Howard C. Nielson, Jr.<br>United States District Judge |
|---|---|

Having considered Defendant's unopposed motion to continue jury trial, the court hereby finds as follows:

Defendant Mariah Keisha Butler appeared in court for her arraignment on the indictment in this matter on June 19, 2020. *See* Dkt. No. 16. The court granted various continuances in this matter due to the Covid-19 pandemic and once on Defendant's motion. Trial is currently scheduled to begin on January 18, 2024. *See* Dkt. No. 82.

Defendant now seeks a 90-day continuance of the trial pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), and (B)(iv). *See* Dkt. Nos. 83 at 2, 83-1 at 2, 3. Ms. Butler is in custody. *See* Dkt. No. 83-1 at 1. She has waived her right to a speedy trial and agrees that her defense will not be hindered or prejudiced by the delay. *See id*. at 1–2. Counsel for the Government stipulates to the motion. *See id*. at 2. There are no co-defendants. *See id*.

Defense counsel represents that he has made repeated attempts to contact counsel in the State case against Defendant and has consulted with the Government for help in cooperation between the State and federal cases. *See id.* at 2. The Government recently was able to contact the new State prosecutor, and the Government and the State have started to talk about a possible resolution of a resolution of both the State and federal outstanding cases. *See id.* Defendant continues to work with a therapist and is getting healthy enough to discuss resolution of this

case, but defense counsel may still seek a trauma-informed evaluation of Ms. Butler to supplement the evaluations made to this point. *See id.* at 3. Defense counsel also needs additional time to consult with the Government about the possibility of settlement, and to meet again with Defendant to confer concerning her wishes for disposition of the case. *See id.* Additional time will be needed to prepare for trial if plea negotiations are unsuccessful.

Based on the foregoing, the court finds that failure to grant a continuance would result in a miscarriage of justice and deny counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The court further finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from January 8, 2024 to April 2, 2024.

2. The time period from January 8, 2024 to April 2, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this 20th day of December, 2023.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge