TRINA A. HIGGINS, United States Attorney (7349)
CAROL A. DAIN, Assistant United States Attorney (10065)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
(801) 524-5682 | travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARIAH KEISHA BUTLER,<br><br>Defendant. | **MOTION FOR ORDER OF FORFEITURE**<br><br>Case No. 1:20-cr-00023-HCN-DBP<br><br>Judge Howard C. Nielson, Jr.<br>Chief Magistrate Judge Dustin B. Pead |

Pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 2253, the United States of America moves the Court to enter an Order of Forfeiture, and in support states:

1.  On March 11, 2020, the United States charged MARIAH KEISHA BUTLER, in Count Two, with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (B), and (b)(l). Indictment, ECF 1. The indictment notified the defendant that upon conviction, the United States would seek forfeiture of any property, real or personal, constituting or traceable to gross profits obtained from such offense; or used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property under 18 U.S.C. § 2253. *Id*.

2.  The property to be forfeited (Subject Property) includes:

    ▪ iPhone 10 cellphone, #F2LXNEHYKXKP; and

- Blue iPhone cellphone[1].

3. On April 1, 2024, the defendant pleaded guilty. *See* Plea Hr'g Min. Entry, ECF 88.

4. In the Defendant's Statement in Advance of Guilty Plea filed on April 4, 2024, the defendant agrees to forfeit the Subject Property. ECF 90 at 7. The defendant describes the connection between the Subject Property and the offense, including that she distributed files containing images of child pornography using her cell phone in violation of 18 U.S.C. § 2252A(a)(2). *Id*. at 4.

5. As contemplated by Fed. R. Crim. P. 32.2(c)(2), the proposed order provides that it will become the final order of forfeiture if no third parties file petitions claiming an interest in the forfeited property. For a preliminary order to become a final order, the Court must find that the defendant, or any combination of defendants, "had an interest in the property that is forfeitable under the applicable statute." Fed. R. Crim. P. 32.2(c)(2). In the plea statement, the defendant admits she distributed files containing images of child pornography using her cell phone on a social media platform on the internet. ECF 90 at 4. On February 26, 2020, during a search warrant, Ms. Butler told law enforcement that child porn would be found on her cell phone. A search of Ms. Butler's cellphone was found to contain at least 100 images and 8 videos of infant, toddler, and prepubescent rape including anal oral and vaginal. This interest is one that is subject to forfeiture under 18 U.S.C. § 2253.

---

[1] Mariah's husband's cellphone was examined on site and nothing of evidentiary value was found and will be returned to him.

6. Under Fed. R. Crim. P. 32.2(b)(1)(A) and (b)(2)(A), if the Court determines that the United States has made the required showing under the statute authorizing forfeiture noted above, the Court must enter an order forfeiting the property without regard to any third-party interest.

7. Based on the defendant's statement in advance of plea and guilty plea and under 18 U.S.C. § 2253, the defendant committed an offense for which forfeiture is authorized, the requisite nexus between the Subject Property and the offense is present, and the defendant has a forfeitable interest in the Subject Property. Accordingly, the United States requests that the Court so find and order all right, title, and interest in the Subject Property forfeited to the United States.

8. Under Fed. R. Crim. P. 32.2(b)(3), once the order is entered the Attorney General (or designee) is authorized to seize the property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence proceedings that comply with any statutes governing third-party rights.

9. In this case, the applicable statute governing third-party rights is 21 U.S.C. § 853(n). Prior to becoming final as to third parties, the order requires the United States to comply with various requirements of that provision and provides a roadmap for addressing any third-party petitions that may arise.

10. Therefore, the United States asks the Court to enter the enclosed order of forfeiture and, as required by Fed. R. Crim. P. 32.2(b)(4)(B), to orally announce the forfeiture at the defendant's sentencing with a reference to the forfeiture order in the judgment.

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney


*/s/ Travis K. Elder*
Travis K. Elder
Assistant U.S. Attorney